O P I N I O N
David A. Hamlin appeals from an order of the court of common pleas requiring him and his former spouse, Saundra L. Hamlin, to prepare and submit a Qualified Domestic Relations Order (QDRO) distributing the share of David's[1] retirement accounts to which Saundra is entitled.
The parties were divorced on August 2, 1990. The judgment decree of divorce entered by the court provides, inter alia, "that David Hamlin's retirement benefits from General Motors should be subject to a QDRO whereby Saundra shall receive her proportionate share of the benefits, based upon the date David begins receiving the benefits."
David has a Salaried Employees Contribution Plan with his employer, General Motors. The Plan has two component parts. Part A is non-contributory, that is, the employee makes no contributions. Part B is contributory, requiring contributions by the employee.
The parties negotiated a QDRO dividing David's Salaried Employees Contribution Plan between David and Saundra. The General Motors Plan Administrator refused to apply the QDRO to Part B of the Plan, the contributory part.
The parties applied to the court for clarification of its order. The court ordered a new QDRO prepared that would divide both parts of David's Salaried Employee's Contribution Plan between the parties, with Saundra's share to be determined according to the following formula:
Number of years parties married
 _______________________________ x 50% of all retirement benefits.
Number of years (David) at G.M.
David filed a timely notice of appeal from the court's order. He now presents a single assignment of error, which states:
 THE DOMESTIC RELATIONS COURT (TRIAL COURT) COMMITTED PREJUDICIAL ERROR BY ORDERING A FORMULA TO BE USED IN A QUALIFIED DOMESTIC RELATIONS ORDER (QDRO) ENTITLING APPELLEE AN ENLARGED BENEFIT BY INCREASING THE VALUE OF HER UNMATURED PROPORTIONATE SHARE OF APPELLANT'S RETIREMENT PLAN ATTRIBUTABLE TO MANDATORY CONTRIBUTIONS OF APPELLANT TO HIS GENERAL MOTORS SALARIED EMPLOYEES RETIREMENT PLAN.
The formula for division of David's Salaried Employees Contribution Plan that the trial court prescribed is the formula approved by this court in Layne v. Layne (1992), 83 Ohio App.3d 559
for division of an unmatured, non- contributory pension plan. The formula accounts for the reasonable growth of the non-employee's share realized from the employee's continued participation in the plan after the divorce. Therefore, it is the correct basis on which the parties' respective interests in Part A of David's Salaried Employees Contribution Plan should be divided by QDRO. However it is not a correct basis on which to also divide the parties' respective interests in Part B.
Saundra is entitled to receive her proportionate share of the contributions that David made to Part B "during the marriage," as that is defined by R.C. 3105.17.1(A)(2)(a). She is also entitled to any passive appreciation that her share has realized, when her share is paid to her. Benson v. Benson (January 16, 1998), Clark App. No. 97-CA-9, unreported. The formula for division that the court ordered would sweep into Saundra's share a portion of the contributions that David has made since the divorce. However, those are David's separate property, in which Saundra is not entitled to share. Therefore, the court erred in prescribing theLayne formula to divide the parties' interest in Part B.
David also argues that Part B is not subject to division at all because it was omitted from the division of his retirement benefits that the court ordered in the 1990 decree. In that event, a subsequent QDRO may not include it. Tarbert v. Tarbert
(September 7, 1996), Clark App. No. 96-CA-36, unreported. However, we believe that the entire Salaried Employee's Contribution Plan, including Part B, was included in the division the court ordered in 1990, which is quoted above. A subsequent QDRO, properly drawn, is simply an order of execution in aid of the relief the court ordered in the decree, and does not expand on it.
The assignment of error is sustained. The case will be remanded to the trial court for a QDRO dividing Part B of the Plan consistent with this opinion.
FAIN J. and YOUNG, J., concur.
Copies mailed to:
H. Steven Hobbs, Esq.
Roger L. Hurley, Esq.
Daniel C. Schipfer, Jr., Esq.
Hon. Jonathan M. Hein
[1] For convenience and clarity, the parties are identified by their first names.